(No. 3958— )

SARAH JESSUP, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 24, 1947.*

JOHN M. KARNS, JAMES F. WHEATLEY, for claimant.

GEORGE F. BARRETT, Attorney General, C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

DAMRON, J.

About midnight on the 11th day of November 1945, the claimant, Sarah Jessup, while walking on the side-

walk along St. Clair Avenue, East St. Louis, Illinois, on the south side thereof at a point approximately 50 feet west of First Avenue, fell into an excavation adjacent to a lot or parcel of land owned and controlled by respondent.

The lot is described as 48 feet in width and having a frontage on the south side of St. Clair Avenue 52 feet westerly from First Avenue.

The State of Illinois acquired title to this parcel of land by filing a petition of eminent domain in the County Court of St. Clair County at Belleville; a jury trial was had on June 14 and 15, 1945. The jury rendered its verdict on June 15, 1945 and the decree was entered on July 6, 1945 and an amended decree was entered in said Court on August 23, 1945.

Prior to the filing of said petition of eminent domain by the Department of Public Works and Buildings, said lot was owned by Eva Cohen, Isaac Cohen, et al, and prior to the time of the filing of said petition by respondent, had started the erection of a building on said lot. In the course of the construction approximately two feet of sidewalk had been excavated adjacent to said lot leaving an opening approximately two feet wide and about forty feet long running east and west. From the evidence it appears the opening was about 3 feet deep.

The evidence discloses that at the time of the accident, no flares were lit, nor guard rails erected of any kind to warn pedestrians who were travelling upon said sidewalk, except a small railing on the ends of the excavation, the north edge was unprotected and the sidewalk at that point was dark. As a result of the negligence of respondent in leaving said excavation unguarded, the claimant fell into it receiving severe injuries. Claimant was lifted from the excavation and placed in an automo-

bile and taken to her home in St. Louis. On the following day she was removed to the Deaconess Hospital in said City on orders of her physician where a series of x-rays were made which disclosed that she had suffered a compressed fracture of the 8th thoracic vertebra, contusions, abrasions, and other injuries to her body. She remained in the hospital several days receiving treatment, was later removed to her home where she remained in bed under the care of her physician. On the 18th day of October 1946, the testimony in support of this claim was taken and at that time the testimony shows that she had; from the date of the accident to the taking of said testimony, suffered severe pain and on orders of her physician was wearing a brace on her back. The medical testimony shows that the compressed fracture of the 8th thoracic vertebra was a permanent condition and it was the opinion of the physician who treated her that she would likely have to wear a brace throughout her lifetime.

At the time of the accident, claimant was 40 years of age, unmarried, and was employed at the St. Louis Post Dispatch Newspaper, St. Louis, Missouri, at a salary of $48.50 per week and that as a result of her injuries, lost considerable time at her employment. She has now resumed her employment. In an effort to become relieved and cured from her injuries she expended or became liable to pay $375.25 on account of physicians, hospital and incidentals incurred in connection with her said injuries. Under Section 7 Paragraph (C) of the Court of Claims Law, claimant is entitled to an award for damages.

An award is therefore hereby entered in favor of claimant, Sarah Jessup, in the sum of Two Thousand Three Hundred Seventy-Five ($2,375.25) Twenty-Five Cents.